IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| MARION JEWITT BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 324-035 |
| ) | |
| WARDEN ANDREW MCFARLAND; ) | |
| CAPT. KEELUMN; CERT SGT. WRIGHT; ) | |
| SGT. THOMAS; and SGT. BROWN, ) | |
| ) | |
| Defendants. ) | |

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

NOV 0 4 2024

FILED

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 16.) The Magistrate Judge recommended dismissing the case because Plaintiff failed to exhaust administrative remedies, as Plaintiff conceded in his original complaint that he had not filed a central office appeal of his grievance. (Doc. no. 8, pp. 7-8.) Faced with the prospect of dismissal, Plaintiff submitted to the Court several additional filings, including a motion to amend, (doc. no. 15), and a later-dated amended complaint, (doc. no. 13).[1] Neither Plaintiff's objections nor his amended complaint change the Court's conclusion that Plaintiff's case should be dismissed because he failed to exhaust administrative remedies. Rather, both filings confirm the Magistrate Judge's finding that Plaintiff failed to exhaust administrative remedies.

---

[1] Plaintiff also filed a declaration, (doc. no. 11), a motion to appoint counsel, (doc. no. 12), and a proposed summons, (doc. no. 14). However, none of these filings present any information regarding Plaintiff's exhaustion of administrative remedies, and thus, they do not impact this Court's analysis. (See generally doc. nos. 11, 12, 14.) As this case is due to be dismissed, Plaintiff's motion to appoint counsel is **DENIED AS MOOT**. (Doc. no. 12.)

As no Defendant has been served with a copy of the complaint or filed an answer, under Fed. R. Civ. P. 15(a), Plaintiff may file an amended complaint once as a matter of course. Accordingly, the Court accepts Plaintiff's amended complaint, (doc. no. 13), and his motion to amend is **MOOT**, (doc. no. 15).

In his amended complaint, Plaintiff alleges he received a response to his grievance on August 1, 2024, which he appealed that same day. (Doc. no. 13, p. 4.) Documentation attached to Plaintiff's objections further shows his central office appeal was denied on August 27, 2024. (Doc. no. 16, p. 6.) Taken together, this information reveals Plaintiff did not complete the two-step grievance process prior to initiating the instant case on May 15, 2024, the date on which he executed his original complaint. (See doc. no. 1, p. 6.) As the Magistrate Judge explained, a prisoner must exhaust administrative remedies by completing the grievance process *before* filing a lawsuit. (See doc. no. 8, pp. 3-5 (describing the Prison Litigation Reform Act's exhaustion requirement).) Accordingly, because Plaintiff did not appeal his grievance until after filing the above-captioned case, the Court discerns no valid basis to change the determination that Plaintiff's case is due to be dismissed for his failure to exhaust administrative remedies.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion, **DISMISSES** this case without prejudice for failure to exhaust administrative remedies, and **CLOSES** this civil action.

SO ORDERED this ____ day of _____, 2024, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2